IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THE HILB GROUP OF MARYLAND, LLC, | No. 4:23-CV-01978 |
| Plaintiff, | (Chief Judge Brann) |
| v. | |
| TARA SMITH and HARRISON BENEFIT SERVICES, LLC d/b/a BLUEPRINT BENEFITS GROUP, | |
| Defendants. | |

**MEMORANDUM OPINION**

**SEPTEMBER 12, 2024**

Currently pending is Plaintiff and Counterclaim Defendant The Hilb Group of Maryland, LLC's ("THG-MD") Motion to Dismiss Defendant and Counterclaim Plaintiff Harrison Benefit Services, LLC d/b/a Blueprint Benefits Group's ("Blueprint") Counterclaim.[1] For the reasons below, THG-MD's Motion is granted.

**I.    RELEVANT FACTUAL AND PROCEDURAL BACKGROUND**

THG-MD is an insurance broker and administrator which offers various insurance products and related consulting services to commercial and individual consumers.[2] Defendant Tara Smith was employed by THG-MD in July 2019.[3] In the

---

[1]   Mot. to Dismiss, Doc. 66.
[2]   Am. Compl. ¶ 40.
[3]   *Id.* ¶ 6.

course of her employment, Smith entered into a Confidentiality and Non-Solicitation Agreement with THG-MD.[4]

On November 30, 2023, THG-MD initiated this litigation alleging that Smith improperly stole customer information and used that information to divert clients away from THG-MD.[5] After Smith and THG-MD entered into a consent injunction, discovery commenced, and on April 4, 2024, THG-MD filed a Verified Amended Complaint, adding Blueprint as a Defendant.[6] THG-MD claims that it learned during discovery that Smith worked with Blueprint while still a THG-MD employee to divert THG-MD customers to Blueprint.[7]

In the Amended Complaint, THG-MD asserts seven claims for relief: Breach of Contract (Count I), Misappropriation of Trade Secrets Under the Pennsylvania Uniform Trade Secrets Act (Count III), and Breach of Fiduciary Duty (Count IV) against Smith; Misappropriation of Trade Secrets Under the Defend Trade Secrets Act (Count II), Tortious Interference with Business Relations (Count V), and Conversion (Count VI) against both Smith and Blueprint; and Tortious Interference with Contract (Count VII) against Blueprint.

---

[4]  *Id.* ¶ 26; Blueprint Ans., Doc. 65, ¶ 26.
[5]  Compl., Doc. 1 ¶ 48.
[6]  Am. Compl., Doc. 40.
[7]  *Id.* ¶ 40.

On April 26, 2024, Blueprint filed a Motion to Dismiss.[8] On May 8, 2024, THG-MD filed a Motion for a Temporary Restraining Order or, in the alternative, a Preliminary Injunction against Blueprint. Following a telephonic status conference with the parties, the Court granted THG-MD's Motion in part and scheduled a preliminary injunction hearing.[9] Subsequent to the Court's Order, THG-MD and Blueprint came to an agreement on a consent injunction and Blueprint withdrew its Motion to Dismiss.[10] Blueprint instead filed an Answer to the First Amended Complaint in which it asserted a counterclaim against THG-MD seeking a declaratory judgment that the Confidentiality and Non-Solicitation Agreement is unenforceable.[11] THG-MD filed a Motion to Dismiss the Counterclaim or, in the alternative, Motion to Strike Blueprint's Jury Demand.[12] THG-MD's Motion is ripe for disposition.

## II.   LEGAL STANDARD

"Under Article III, a case or controversy can exist only if a plaintiff has standing to sue."[13] "To establish Article III standing, a plaintiff bears the burden of showing three 'irreducible' elements."[14] "He 'must have (1) suffered an injury in

---

[8] Doc. 46.
[9] Doc. 58.
[10] Doc. 62.
[11] Doc. 65.
[12] Doc. 66.
[13] *United States v. Texas*, 599 U.S. 670, 675 (2023).
[14] *Associated Builders & Contractors W. Pennsylvania v. Cmty. Coll. of Allegheny Cnty.*, 81 F.4th 279, 287 (3d Cir. 2023) (citing *In re Schering Plough Corp. Intron/Temodar Consumer*

fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'"[15] "Injury in fact is '*the invasion of a concrete and particularized legally protected interest*' resulting in harm 'that is actual or imminent, not conjectural or hypothetical.'"[16] "'An injury is 'concrete' if it is 'real, or distinct and palpable, as opposed to merely abstract.'"[17]

"A motion to dismiss for want of standing is . . . properly brought pursuant to [Federal Rule of Civil Procedure] 12(b)(1), because standing is a jurisdictional matter."[18] Where a movant raises a facial challenge to standing—whether the Complaint alleges facts sufficient to establish constitutional standing—courts "apply the same standard as on review of a motion to dismiss under Rule 12(b)(6)."[19]

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal for "failure to state a claim upon which relief can be granted." The United States Court of Appeals for the Third Circuit has instructed that, under the standard established by the Supreme Court of the United States in *Bell Atlantic Corp. v. Twombly*[20] and *Ashcroft*

---

*Class Action*, 678 F.3d 235, 244 (3d Cir. 2012); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992)).
[15] *Id.* (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)).
[16] *Long v. Se. Pennsylvania Transportation Auth.*, 903 F.3d 312 (3d Cir. 2018) (quoting *Finkelman v. Nat'l Football League*, 810 F.3d 187, 193 (3d Cir. 2016); *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 278 (3d Cir. 2014)).
[17] *Id.* (quoting *Finkelman*, 810 F.3d at 193; *N.J. Physicians, Inc. v. President of the U.S.*, 653 F.3d 234, 238 (3d Cir. 2011)).
[18] *Ballentine v. United States*, 486 F.3d 806, 810 (3d Cir. 2007).
[19] *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 632-33 (3d Cir. 2017).
[20] 550 U.S. 544 (2007).

*v. Iqbal*,[21] a court reviewing the sufficiency of a pleading must take three steps: (1) "take note of the elements the plaintiff must plead to state a claim"; (2) "identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth"; and (3) "assume the[] veracity" of all "well-pleaded factual allegations" and then "determine whether they give rise to an entitlement to relief."[22]

"The Declaratory Judgment Act is 'is an enabling act, which confers discretion on the courts rather than an absolute right on a litigant.'"[23] "[W]hen a plaintiff seeks *prospective* (forward-looking) relief in the form of an injunction or a declaratory judgment, they must show they are 'likely to suffer *future* injury.'"[24] "The future injury must also be 'imminent,' meaning that it is 'certainly impending' rather than merely 'possible.'"[25] "[A]s a result of the immediacy requirement, 'past exposure to illegal conduct does not in itself show a present case or controversy'" regarding forward looking relief.[26]

---

[21] 556 U.S. 662 (2009).
[22] *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016) (internal quotations and citations omitted).
[23] *Mills v. City of Phila.*, 630 F. Supp. 3d 638, 646 (E.D. Pa. 2022) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995); *Public Serv. Comm'n of Utah v. Wycoff Co.*, 344 U.S. 237, 241, 73 S. Ct. 236, 97 L. Ed. 291 (1952)).
[24] *Yaw v. Delaware River Basin Comm'n*, 49 F.4th 302, 318 (3d Cir. 2022) (quoting *McNair v. Synapse Group Inc.*, 672 F.3d 213, 223 (3d Cir. 2012)).
[25] *Id.* (quoting *Clapper v. Amnesty Intern. USA*, 568 U.S. 398, 409 (2013)).
[26] *McNair*, 672 F.3d at 223 (quoting *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)).

## III.  ANALYSIS

Absent from Blueprint's counterclaim complaint are any allegations that, absent a declaratory judgment, it is at risk of suffering any injury in the future. THG-MD seeks relief for Blueprint's *past* actions. To the extent that THG-MD is entitled to relief from any ongoing or future harms, such as continued loss in revenue, that relief nevertheless flows from past actions of Blueprint. The validity of any relevant provisions of the Agreement are an element of the claims that THG-MD has brought in this suit; it is not the case that THG-MD will avoid a determination on the merits of this issue absent Blueprint's quest for a declaratory judgment.[27]

Further, THG-MD cannot show that there is any risk of future harm because the preliminary injunctions agreed to by the parties and entered by the Court foreclose that possibility. Tara Smith and THG-MD agreed to and the Court entered an injunction prohibiting Smith from contacting, soliciting, or assisting in the solicitation of THG-MD Customers or Active Prospective Customers.[28] Both Smith and Blueprint are enjoined from accessing or using THG-MD's purported Confidential Information.[29] Thus, any future violation of the Agreement, regardless

---

[27] *See Walnut St. Assocs. Inc. v. Brokerage Concepts, Inc.*, 2009 PA Super 191, 982 A.2d 94, 98 (Pa. Super. 2009) *aff'd*, 610 Pa. 371, 20 A.3d 468 (Pa. 2011) (plaintiff bringing claims for tortious interference must show existence of contract).
[28] Doc. 23 ¶¶ 1-3. Customers and Active Prospective Customers are defined terms. *See id.*
[29] *Id.* ¶ 4; Doc. 64 ¶ 1.

of the Agreement's validity, is a violation of a Court Order. No declaratory judgment will change that.

Blueprint's suggestion that "there are aspects of the Employment Agreement that will or may evade review" falls well short of showing that, absent a declaratory judgment, Blueprint is likely to suffer an injury or that such injury is imminent.[30] The failure to identify those issues similarly falls well short of satisfying the Rule 12(b)(6) standard to state a claim.

The Court also agrees with THG-MD that Blueprint does not have standing to challenge the enforceability of the contract via a declaratory judgment. For its part, Blueprint acknowledges that there is a split of authority on the issue but insists that it has standing to challenge the agreement because that agreement is at the core of certain of the claims against it.[31] The parties agree, then, that, in general, "a party does not have standing to bring a declaratory judgment claim regarding rights and obligations under a contract to which it was neither a party nor a third-party beneficiary."[32] They dispute only whether this case presents an exception to that rule. The Court finds that it does not.

---

[30]   Counterclaim ¶ 14, Doc. 65.
[31]   *See* Doc. 68, at 4-5 (discussing tortious interference claim).
[32]   *Molinari v. Consol Energy, Inc.*, No. 12cv1085, 2012 U.S. Dist. LEXIS 168171, at *22-23 (W.D. Pa. Nov. 27, 2012) (collecting cases).

As THG-MD notes, several of the cases that Blueprint relies on apply California law, which differs in key respects from the law applicable in this case.[33] Blueprint's remaining authority, *Hodach v. Caremark RX, Inc.*,[34] is an outlier.[35] The Court finds persuasive the exhaustive analysis of *DBM*,[36] particularly in light of the weight of in-Circuit authority[37] and the decision of the United States Court of Appeals for the Fourth Circuit in *PHP Healthcare Corp. v. EMSA Ltd. Partn.*,[38] which held, despite being sued for tortious interference as Blueprint has been here, a non-party to an agreement did not have did not have standing to seek a declaratory judgment regarding the validity of the contract. Because there are no set of circumstances under which Blueprint would have standing to seek a declaratory judgment, or that it would be appropriate to do so in this case, the Court will dismiss the counterclaim with prejudice.

Finally, the Court notes that Blueprint, in its opposition, asserts that, if the Court grants THG-MD's Motion, that it should also *sua sponte* dismiss certain of the claims against it. *Sua sponte* dismissal is appropriate only where a claim's futility

---

[33] Doc. 70, at 7-9 (discussing *LeFebvre v. Syngenta Biotechnology, Inc.*, No. C 08-02732 JW, 2008 U.S. Dist. LEXIS 103914 (N.D. Cal. Dec. 15, 2008) and *Assist Grp., Inc. v. Fiera*, No. SACV 11-0623 DOC (RNBx), 2011 U.S. Dist. LEXIS 163982 (C.D. Cal. Aug. 2, 2011)).
[34] 374 F. Supp. 2d 1222 (N.D. Ga. 2005).
[35] *DBM, Ltd. Liab. Co. v. Prosthetics*, No. 8:19-CV-429, 2020 U.S. Dist. LEXIS 267653, at *12-17 (D. Neb. July 16, 2020).
[36] *Id.*
[37] *Supra* n.32; *Am. Water Works Co. v. Util. Workers Local 537*, Civil Action No. 11-1257, 2013 U.S. Dist. LEXIS 32112, at *5 (W.D. Pa. Mar. 8, 2013) (collecting cases).
[38] *PHP Healthcare Corp. v. EMSA Ltd. Partn.*, 14 F.3d 941 (4th Cir. 1993).

is obvious from the face of the complaint.[39] This is not such a case. Further, *sua sponte* dismissal would be particularly inappropriate here where Blueprint withdrew its Motion to Dismiss and filed an Answer to the Amended Complaint.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff The Hilb Group of Maryland, LLC's Motion to Dismiss is granted.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

---

[39] *Cf. McPherson v. U.S.*, 392 F. App'x. 938, 943 (3d. Cir. 2010) (holding that a court may *sua sponte* dismiss a claim where "defense is obvious from the face of the complaint").